CHESTER WEST, ADMINISTRATOR *AD PROSEQUENDUM* FOR THE ESTATE OF CLAUDIOUS A. WEST, JR., DECEASED, PLAINTIFF-APPELLANT, v. HOWARD T. WALKER AND ALEXANDER HARVEY (UNSATISFIED CLAIM AND JUDGMENT FUND), DEFENDANTS-RESPONDENTS, AND FRANK VALENZANO AND KAREN VERNER AND HORNBACK AUTO SALES, THIRD-PARTY DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued April 24, 1978—Decided May 16, 1978.

Before Judges ALLCORN, HORN and FURMAN.

*Mr. Barry N. Shaw* argued the cause for appellant.

*Mr. William R. Powers, Jr.,* argued the cause for the respondents (*Messrs. Moss, Powell & Powers,* attorneys).

The opinion of the court was delivered by

ALLCORN, P. J. A. D. It is conceded by the affected parties that the collision which resulted in the death of plaintiff's decedent took place on the span of the Walt Whitman Bridge, at a point well within the geographic boundaries of the State of Pennsylvania — and, necessarily, outside the geographic boundaries of the State of New Jersey. In light of the plain language of the Unsatisfied Claim and Judgment Fund Law, *N. J. S. A.* 39:6-60 *et seq.,* to the effect that recovery is limited to a qualified person who suffers damage as a result of the use of an uninsured motor vehicle "in this State," *N. J. S. A.* 39:6-65, 69, the plaintiff is not entitled to a recovery from the Fund in this litigation. *Brown v. Unsatisfied Claim and Judgment Fund Bd.,* 96 *N. J. Super.* 91 (Law Div. 1967), aff'd 101 *N. J. Super.* 299 (App. Div. 1968).

The circumstances that the bridge is jointly owned by the two states and is operated and maintained by a bi-state agency (Delaware River Port Authority), *N. J. S. A.* 32:3-1 *et seq.,* does not act to extend the boundary of New Jersey. And the further fact that the courts of both states are invested with concurrent jurisdiction over all offenses committed anywhere on the bridge, *N. J. S. A.* 32:4-6, is of no controlling significance in the resolution of the issue here in question. This latter provision is simply a procedural arrangement between the two states adopted as a practical necessity to provide concurrent jurisdiction and thus avoid making available to criminals and other offenders technical and jurisdictional defenses where the offenses were committed in disputed boundary territory or on boundary

waters. *State v. Holden,* 46 *N. J.* 361 (1966). If the provisions of *N. J. S. A.* 52:28–25 may be construed as granting concurrent jurisdiction to both states in civil matters (at best a dubious assumption), it is manifestly for the same basic purpose of avoiding the technical and jurisdictional defenses of similar nature. Neither statute expressly or impliedly purports to extend the geographic boundaries of this State to any portion or portions of the bridge or its approaches which lie physically within the geographic boundaries of the State of Pennsylvania. *Cf. Wall v. Demberger,* 79 *N. J. Super.* 538 (Cty. Ct. 1963).

We are not unmindful of the admonishment that the legislation establishing and regulating the Unsatisfied Claim and Judgment Fund is to be liberally construed. *Giles v. Gassert,* 23 *N. J.* 22 (1956). Nevertheless, this does not mean that we may ignore the plain meaning of the language contained in the statute. *Bacon v. Miller,* 113 *N. J. Super.* 271, 275 (App. Div. 1971). That language is clear and unambiguous, and admits of no construction such as that urged by the plaintiff. The collision did not occur "in this State" in any sense of the words. *N. J. S. A.* 39:6–65, 69.

The plaintiff having conceded that the collision took place "on the west side of the Pennsylvania-New Jersey boundary line" — *i.e.,* on the Pennsylvania side of the boundary line— there was no dispute as to this, the material fact in issue, and the cause was properly determined on the motion for summary judgment. *R.* 4:46–2.

Affirmed. No costs.